UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CFS RESTAURANT GROUP, LLC d/b/a BIANCO ROSSO; LUCIANA RESTAURANT GROUP, LLC d/b/a CRAFT 14 KITCHEN & BAR; CRISTINA RAMIREZ; MARIO LOPEZ; and JAIME LOPEZ,<br><br>Defendants. | Civil Action No. 3:24-cv-1023-OAW |

**CONSENT PRELIMINARY INJUNCTION AND ORDER**

Plaintiff Acting Secretary of Labor ("Acting Secretary") of the United States Department of Labor, has filed a First Amended Complaint (ECF No. 23) in this case against Defendants CFS Restaurant Group, LLC d/b/a Bianco Rosso; Cristina Ramirez; Mario Lopez; and Jaime Lopez (collectively, the "PI Defendants"); and Luciana Restaurant Group, LLC d/b/a Craft 14 Kitchen & Bar ("Craft 14"), which is not subject to this Order. The First Amended Complaint alleges that PI Defendants unlawfully retaliated against employees for exercising rights protected by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). The Acting Secretary has served the First Amended Complaint on PI Defendants. PI Defendants intend to file an Answer denying the Acting Secretary's allegations in the First Amended Complaint that they unlawfully retaliated against employees.

By agreement of the parties, the court hereby issues a preliminary injunction under Rule

1

65 of the Federal Rules of Civil Procedure and Section 17 of the FLSA, 29 U.S.C. § 217:

    1.    Enjoining and restraining PI Defendants from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) and/or directing or encouraging others to violate the FLSA on their behalf, including, without limitation, in any of the following manners:

        a.    Terminating, demoting, disciplining, or reducing the wage rates or hours of any employee because the employee engaged in or is about to engage in protected activity under the FLSA;

        b.    Making any employee's working conditions less favorable because the employee is engaged in or is about to engage in protected activity under the FLSA;

        c.    Inflicting bodily harm on any employee, any former employee, or any family member of an employee or former employee, because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

        d.    Reporting any employee, any former employee, or any family member of an employee or former employee to immigration or law enforcement authorities, or having any employee, former employee, or family member of an employee or former employee deported, or otherwise abusing any legal process to the detriment of any employee, former employee, or family member of an employee or former employee because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

        e.    Disparaging any employee or former employee to other employers, or otherwise interfering with that employee or former employee's ability to obtain other employment, because the employee or former employee engaged in or is about to engage in protected activity under the FLSA;

        f.    Intimidating or dissuading any employee or former employee from

exercising their FLSA rights by threatening to take any of the actions described in Paragraph 1(a)-(e).

      g.      Instructing any employee or former employee not to speak to, to provide false information to, or to withhold information from representatives of the Department of Labor regarding the terms and conditions of their employment;

      h.      Telling any employee or former employee that they will need to repay PI Defendants and/or Craft 14 for any amounts that the Department of Labor obtains in connection with this case or as a result of the Department of Labor's investigation of PI Defendants and Craft 14 under the FLSA;

      i.      Asking any employee or former employee to reveal whether they have spoken to the Department of Labor, intend to speak to the Department of Labor, or have or intend to otherwise exercise any right protected by the FLSA;

      j.      Directing or requesting that any employee repudiate their rights under the FLSA, sign any document purporting to waive those rights, or sign any document restricting employees' avenues for vindicating their rights under the FLSA; or

      k.      Otherwise taking any adverse action, or threatening to take any adverse action against any current or former employee or their families because: (i) the employee or former employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, has testified or is about to testify in any such proceeding, or has otherwise engaged in protected activity under the FLSA; (ii) the employee or former employee has objected to or refused to participate in any activity, policy, or practice that the employee or former employee reasonably believes is in violation of the FLSA; or (iii) PI Defendants believe the employee or former employee has engaged in FLSA protected activity or may engage in

protected activity under the FLSA in the future.

2. Enjoining and restraining PI Defendants from terminating, demoting, or reducing the wage rates of employees without providing the Acting Secretary and the employee seven days' written notice as to the non-retaliatory business justification for the termination, demotion, and/or reduction of wage rates.

3. Requiring PI Defendants to, within five business days of entry of this Order, permit a representative of the Acting Secretary to read aloud to all PI Defendants' employees, during employees' paid working hours, the statement attached to the Acting Secretary's motion as Exhibit B, informing the employees of their right to speak with representatives of the Acting Secretary and to file complaints regarding possible wage and hour violations, free from retaliation or threats of retaliation or intimidation by PI Defendants or their agents.

4. Requiring PI Defendants to post at each of their worksites a copy of the statement attached to the Acting Secretary's motion as Exhibit B in English and Spanish. PI Defendants shall continue to post the statement during the duration of this litigation and until such time as a judgement or adjudication of the merits is entered by the Court and all appeals are exhausted.  PI Defendants shall also provide each worker with a copy of the written statement in English or Spanish with their next paycheck or direct deposit.

5. Nothing contained in this Order, including the requirement to cooperate with the Acting Secretary as set forth above, abrogates PI Defendants' rights under the United States Constitution and/or any other federal or state law.

6. PI Defendants consent to the entry of this Order without admitting or denying liability and represent that they have agreed to the entry of this Order as a showing of their good faith intent to comply with the Act.

\*\*\*

It is so ordered.

_____

United States District Judge

Dated: <u>October 16</u>, 2024

# EXHIBIT B

# NOTICE TO ALL BIANCO ROSSO EMPLOYEES

The United States District Court for the District of Connecticut has issued a preliminary injunction that requires Bianco Rosso and its owners to provide this notice to all employees.

The U.S. Department of Labor, or DOL, has filed a lawsuit against Bianco Rosso and its owners for possible violations of a federal wage law called the Fair Labor Standards Act or FLSA.

**YOUR RIGHT TO OVERTIME**: Under the FLSA, most employees must be paid overtime, or time and a half their regular rate of pay for all hours over 40 in a week. For example, a worker who earns a regular rate of $16.00 per hour should be paid at least $24.00 for each hour worked over 40 in a week.

**NO OWNERS, MANAGERS, OR SUPERVISORS MAY KEEP TIPS:** Under the FLSA, it is illegal for your employer to keep any of your tips, including through a tip pool. It is illegal for managers to be in your tip pool or to take money out of that tip pool.

**ANY BACK WAGES AND DAMAGES YOU RECEIVE DUE TO AN INVESTIGATION BY DOL BELONG TO YOU:** If DOL recovers any money for you, that money belongs to you and it is illegal for the owners to ask you or any worker to repay that money to the owners.

**RETALIATION IS AGAINST THE LAW**: It is illegal for your employer to retaliate against you because you stand up for your FLSA rights, including by: talking to DOL, making a complaint to DOL or your boss, or participating in a DOL case. Some examples of retaliation include your employer taking the following types of actions because you stood up for your FLSA rights:
- Firing you;
- Cutting your hours, cutting your pay, or demoting you;
- Hurting or threatening you;
- Threatening to report you to the police or immigration authorities or using your immigration status against you;
- Telling you not to talk to, or what to say to, the DOL;
- Telling you that you have to repay money you received because of a DOL case.

If you have questions about retaliation or your pay, or think your employer is violating the FLSA, call the DOL's Wage and Hour Division at **860-240-4160 or 1-866-487-9243**. DOL will keep your information confidential to the maximum extent possible under the law.

# **AVISO A TODOS LOS EMPLEADOS DE BIANCO ROSSO**

El Tribunal de Distrito de los Estados Unidos para el Distrito de Connecticut ha emitido una orden judicial preliminar que exige que Bianco Rosso y sus propietarios proporcionen este aviso a todos los empleados.

El Departamento de Trabajo de EE. UU., o DOL, ha presentado una demanda contra Bianco Rosso y sus propietarios por posibles violaciones de una ley salarial federal llamada Ley de Normas Justas de Trabajo o FLSA (siglas en ingles).

**SU DERECHO A HORAS EXTRAS:** Según la FLSA, a la mayoría de los empleados se les debe pagar horas extras, o tiempo y medio de su tasa regular por todas las horas trabajadas en exceso de 40 en una semana. Por ejemplo, un trabajador que gana una tasa regular de $16,00 por hora debería recibir al menos $24,00 por cada hora trabajada más de 40 en una semana.

**NINGÚN PROPIETARIO, ADMINISTRADOR O SUPERVISOR PUEDE RETENER PROPINAS**: Según la FLSA, es ilegal que su empleador se quede con cualquiera de sus propinas, incluso a través de un fondo común de propinas. Es ilegal que los gerentes estén en su grupo de propinas o saquen dinero de ese grupo de propinas.

**CUALQUIER SALARIO ATRASADO Y DAÑO QUE RECIBA DEBIDO A UNA INVESTIGACIÓN DEL DOL LE PERTENECE**: Si el DOL recupera algún dinero para usted, ese dinero le pertenece a usted y es ilegal que los propietarios le pidan a usted o a cualquier trabajador que devuelva ese dinero a los propietarios.

**LAS REPRESALIAS SON CONTRA LA LEY**: Es ilegal que su empleador tome represalias contra usted porque defiende sus derechos FLSA, incluso al: hablar con el DOL, presentar una queja ante el DOL o su jefe, o participar en un caso del DOL. Algunos ejemplos de represalias incluyen que su empleador tome los siguientes tipos de acciones porque usted defendió sus derechos FLSA:
- Despedirlo;
- Reducir sus horas, reducir su salario o degradarlo;
- Lastimarlo o amenazarlo;
- Amenazar con denunciarlo a la policía o autoridades de inmigración o usar su estatus migratorio en su contra;
- Decirle que no hable con el DOL o que le diga qué decirle;
- Decirle que tiene que devolver el dinero que recibió debido a un caso del DOL.

Si tiene preguntas sobre las represalias o su salario, o cree que su empleador está violando la FLSA, llame a la División de Horas y Salarios del DOL al 860-240-4160 o al 1-866-487-9243. DOL mantendrá su información confidencial en la máxima medida posible según la ley.